# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **DEUTSCH, KERRIGAN & STILES, LLP** | § § | **PLAINTIFF/COUNTER-DEFENDANT** |
| v. | § § | **CAUSE NO. 1:08CV196 LG-RHW** |
| **IKE THRASH and DAWN INVESTMENTS, LLC** | § § § | **DEFENDANTS/COUNTER-PLAINTIFFS** |
| **U.S. CAPITAL, INC.** | § § § | **DEFENDANT/COUNTER-CLAIMANT AND THIRD PARTY DEFENDANT** |
| **JOEL L. BLACKLEDGE** | § | **THIRD-PARTY DEFENDANT** |

## SUA SPONTE ORDER REQUIRING PARTIES TO BRIEF QUESTION OF DIVERSITY JURISDICTION

BEFORE THE COURT is the Amended Complaint filed in this civil action. According to the Amended Complaint the Court's jurisdiction is based upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332. The Amended Complaint alleges that the Plaintiff, "Deutsch, Kerrigan & Stiles, LLP is a Louisiana limited liability partnership, created under the laws of the State of Louisiana and authorized to do business in the State of Louisiana, with its principal place of business in the City of New Orleans, Orleans Parish, Louisiana." *See* Amended Complaint, ¶ 1. The Defendant, "Ike Thrash is an adult resident citizen of Forrest County, Mississippi." *See* Amended Complaint, ¶ 3. The Defendant, "Dawn Investments, LLC is a Mississippi limited liability corporation with its principal place of business in Forrest County, Mississippi." *See* Amended Complaint ¶ 4.

## DISCUSSION

The United States District Court is a court of limited jurisdiction. The question of subject matter jurisdiction can never be waived. Nor can jurisdiction be conferred by conduct or consent

of the parties. *A.L. Rowan & Son v. Dept. of Housing and Urban Dev.,* 611 F.2d 997, 998-99 (5th Cir. 1980). Therefore, courts have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking. FED. R. CIV. P. 12(h)(3); *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985); *Matter of Kutner,* 656 F.2d 1107, 1110 (5th Cir. 1981), *cert. denied,* 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982).

The citizenship of an unincorporated entity, such as a partnership, is determined by the citizenship of all of its members. *Carden v. Arkoma Assoc.,* 494 U.S. 185, 195-96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990); *Bankston v. Burch*, 27 F.3d 164, 166 (5th Cir. 1994)("For purposes of federal diversity jurisdiction, the partnership itself is considered a citizen of every state of which a general or a limited partner is a citizen."); *see also Alms, Ltd., v. Barnes,* 1998 WL 90734 (N.D. Tex. 1998)("Diversity jurisdiction in a suit by or against a limited liability partnership depends upon the citizenship of all members of the partnership."). The citizenship of a limited liability company is also determined by the citizenship of all of its members. *Harvey v. Wolf Drilling Co.,* 542 F.3d 1077 (5th Cir. 2008).

The Court is aware, and has confirmed via the corporate web site[1], that the law firm of Deutsch, Kerrigan & Stiles, LLP, maintains an office in Gulfport, Mississippi, and lists several of its lawyers in the Gulfport office as "partners." Moreover, at this stage of the proceedings the Court can not determine whether the membership of Dawn Investments, LLC, extends beyond Mississippi. However, it appears that there may not be complete diversity of citizenship between the parties in interest. Absent complete diversity of citizenship, the Court lacks subject matter

---

[1] http://www.dkslaw.com

jurisdiction.

**IT IS THEREFORE ORDERED,** that on or before December 31, 2008, the parties shall submit briefs with supporting affidavits and materials tending to establish complete diversity of citizenship between the parties in interest.

**SO ORDERED AND ADJUDGED** this the 9th day of December, 2008.

                                                s/ *Louis Guirola, Jr.*
                                                LOUIS GUIROLA, JR.
                                                UNITED STATES DISTRICT JUDGE