# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **DEUTSCH, KERRIGAN &STILES, LLP** | § | **PLAINTIFF/COUNTER-DEFENDANT** |
| | § | |
| v. | § | **CIVIL ACTION NO. 1:08CV196-LG-RHW** |
| | § | |
| **IKE THRASH and DAWN** | § | |
| **INVESTMENTS, LLC** | § | **DEFENDANTS/COUNTER-PLAINTIFFS** |
| | § | |
| **U.S. CAPITAL, INC.** | § | **DEFENDANT/COUNTER-CLAIMANT** |
| | § | **AND THIRD PARTY DEFENDANT** |
| | § | |
| **JOEL L. BLACKLEDGE** | § | **THIRD-PARTY DEFENDANT** |

## ORDER DISMISSING CASE FOR LACK OF JURISDICTION

**THIS MATTER IS BEFORE THE COURT** *sua sponte* for the purpose of determining whether this Court has diversity jurisdiction in this matter.[1] On December 9, 2008, this Court entered an Order [34] suggesting that the Plaintiff, a Louisiana limited liability partnership, maintained offices in Mississippi and that several "partners" were citizens of Mississippi. Since some of the Defendants were alleged to be citizens of Mississippi, it appeared that there was a lack of complete diversity. The Court ordered the parties to brief the issue. After careful consideration of the arguments of the parties, the Court finds that this Court does not have jurisdiction over this lawsuit.

### DISCUSSION

Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists over all civil actions in which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the dispute is between citizens of different states. For diversity purposes, a limited partnership is a

---

[1] United States District Courts and Courts of Appeals have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking. FED. R. CIV. P. 12(h)(3); *Matter of Kutner,* 656 F.2d 1107, 1110 (5th Cir.1981), *cert. denied,* 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982).

citizen of each state in which its partners hold citizenship. *Whalen v. Carter*, 954 F.2d 1087, 1095 (5th Cir. 1992). The Fifth Circuit has specifically held that this rule applies to Louisiana limited partnerships. *Whalen*, 954 F.2d at 1095.

Plaintiff essentially argues that a Louisiana LLP should be treated differently. With all due respect to Plaintiff's arguments, this Court is unpersuaded. A similar argument was rejected in *Newport Ltd. v. Sears, Roebuck and Co.,* 941 F.2d 302 (5th Cir. 1991). Moreover, Plaintiff is unable to cite any authority tending to show that the Louisiana legislature has crafted a corporate creature that, for purposes of determining federal diversity jurisdiction, must be treated differently than an LLP in any other state. As noted by the court in *Newport*, any change in jurisdictional treatment accorded to artificial entities should be addressed to the Congress. *Id.* at 307.

It is uncontested that the Plaintiff, Deutsch, Kerrigan & Stiles, LLP (DKS), is a Louisiana limited liability partnership, and one or more of its partners are citizens of Mississippi. The Defendant, Ike Thrash, is a citizen of Mississippi. The Defendant, Dawn Investments, LLC, is a Mississippi limited liability company. Therefore, under established precedent, DKS, Thrash, and Dawn Investments are citizens of Mississippi for diversity purposes. Absent complete diversity this Court does not have jurisdiction over this lawsuit.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this lawsuit is hereby **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**SO ORDERED AND ADJUDGED** this the 5th day of January, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE